UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| KAREN THORSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: |
| SAPIO SCIENCES, LLC, | ) ) | |
| Defendant. | ) ) ) | |

**COMPLAINT AND JURY DEMAND**

**PARTIES**

1.      The plaintiff, Karen Thorson ("Ms. Thorson" or "Plaintiff"), is a female resident of the State of New Hampshire residing in Dalton, New Hampshire.

2.      Defendant Sapio Sciences, LLC (the "Company" or "Defendant") is a for-profit business incorporated in the Pennsylvania.  The Company's principal office is located at 205 N. George St., York, PA 17401.

**JURISDICTION AND VENUE**

3.       This court has subject matter jurisdiction under 28 U.S.C. § 1331 because Ms. Thorson has brought claims pursuant to the to the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§ 621 *et seq*., the Family and Medical Leave Act ("FMLA") 29 U.S.C. §2615, and the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 1201 et seq.  The court may exercise supplemental jurisdiction over Ms. Thorson's state law claims. 28 U.S.C. §1367.

4.      Venue is appropriate in the District of New Hampshire as the Defendant's acts and omissions giving rise to the claims in this Complaint occurred in the state of New Hampshire (and Federal Court District of New Hampshire).  Indeed, Ms. Thorson worked for the Defendant and was fired by the Defendant within New Hampshire.

5.      This court has jurisdiction over the Company because the Company purposefully availed itself of New Hampshire law by operating a business in New Hampshire, including by transacting business in New Hampshire, and employing employees (including, during the times relevant to this Complaint, Ms. Thorson) in New Hampshire. Indeed, the Plaintiff was employed by the Company in the State of New Hampshire and was terminated by the Company in the State of New Hampshire.

## STATEMENT OF FACTS

6.      Ms. Thorson was born in 1963 and is currently 61 years old.

7.      In or around February 2023, Ms. Thorson was hired by the Company as a Senior Project Manager in Dalton, New Hampshire.

8.      Ms. Thorson was hired as a remote employee based in New Hampshire, was classified by the Company as a New Hampshire employee, and conducted the majority of her work from her home office in Dalton, New Hampshire.

9.      Ms. Thorson reported to, and received her assignments from, the Company's Baltimore Maryland office (Ms. Thorson's "work site"), located at 400 East Pratt Street, #800, Baltimore, MD 21202.  This Baltimore office constituted Ms. Thorson's work site as that term is defined under the FMLA.

10.      At all relevant times, Defendant employed 50 or more employees within 75 miles of Ms. Thorson's work site (in Baltimore, MD).

11.     In or around August 2023, Ms. Thorson was promoted to the position of North America Head of Project Management Operations.

12.     At all relevant times, the Company employed 20 or more employees for 20 or more weeks during the preceding 12 calendar months.

13.     As such, the Company was an employer under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), Title VII of the United States Civil Rights Act ("Title VII"), and NH Rev. Stat. §354-A.

14.     At all relevant times, the Company employed 50 or more employees for 20 or more calendar weeks during the preceding 12 months.

15.     Accordingly, at all relevant times, the Company was an employer under the Family Medical Leave Act ("FMLA").

16.     At all relevant times, Ms. Thorson had been diagnosed with, and was managing, Major Depressive Disorder ("MDD").  Fearing retaliation, Ms. Thorson did not immediately disclose her MDD diagnosis to the Company, although she eventually did so.

17.     Ms. Thorson's MDD is an impairment that substantially limits one or more of her major life activities, including, but not limited to sleeping, caring for herself, controlling her emotions, and engaging in social activity.  Ms. Thorson's MDD is also an impairment that substantially limits one or more of her major bodily functions, including her neurological and brain functions.  As such Ms. Thorson is disabled under the ADA and RSA 354-A.

18.     At all relevant times, Ms. Thorson was a qualified employee with a disability and could perform all the essential functions of her position with or without a reasonable accommodation.

19.     Indeed, Mr. Thorson's performance was satisfactory.

20.     Upon hiring, Ms. Thorson's supervisor was Ania Plona ("Plona"), Vice President of Customer Success.

21.     Upon information and belief, Plona, is around 15 years or more younger than Ms. Thorson, is not disabled, was not regarded by the Company as disabled, and did not request or utilize reasonable accommodations regarding disabilities.

22.     In or around October 2023, Nick Ahluwalia ("Ahluwalia") was hired as the Europe, Middle East, and Africa ("EMEA") Head of Project Management Operations.

23.     The EMEA Head of Project Management Operations role was essentially the same function as the one Ms. Thorson held as the North America Head of Project Management Operations, making Ahluwalia Ms. Thorson's direct counterpart covering a different geography.

24.     Ahluwalia is a man who, upon information and belief, is around 10 years or more younger than Ms. Thorson, is not disabled, was not regarded by the Company as disabled, and did not request or utilize reasonable accommodations regarding disabilities.

25.     In the following months, Ms. Thorson noticed that Ahluwalia would regularly miss meetings and minimally participate in projects. For example, when they were assigned a joint project, Ms. Thorson would be forced to herself carry a larger portion of the work and deliverables, while Ahluwalia did far less.

26.     Additionally, Ms. Thorson was responsible for more project revenue through both her own projects and her direct reports' projects than Ahluwalia.

27.     This higher project revenue responsibility equated to a higher workload.

28.     Despite this, Ahluwalia regularly received significant praise from Plona and his lack of involvement in joint projects and meetings was overlooked.

29.     In contrast, any minor mistake Ms. Thorson made was highlighted and ridiculed.

30.     While Ms. Thorson was frustrated with the uneven workloads, expectations, and treatment, she continued to perform her work well and manage her higher project responsibility.

31.     In or around August 2024, Ms. Thorson received her annual review from Plona as "meets expectations" which is seen as a good review within the Company as the Company rarely awards higher ratings.

32.     Also, in or around August 2024, during the performance review discussion, Ms. Thorson raised the issue of uneven workloads and differing expectations between Ahluwalia and herself (Ms. Thorson) to Plona, which Ms. Thorson believed was due to her age and sex (female).

33.     Plona responded defensively to Ms. Thorson's expression of protected concerns.

34.     In or around September 2024, Ms. Thorson met with Plona and Debbie Joseph ("Joseph") Human Resources representative.

35.     During this meeting, Plona suddenly and strangely suggested that Ms. Thorson take a demotion, which would have caused a decrease in Ms. Thorson's total compensation.

36.     Notably, this meeting occurred around one month after Ms. Thorson raised protected concerns.

37.     As Ms. Thorson had recently been provided a performance review showing that her performance was satisfactory, any implication around one month later that Plona was suddenly now unhappy with Ms. Thorson occurred only after she had raised concerns regarding disparate treatment and hence was clearly retaliatory.

38.     In response to this meeting, Ms. Thorson again expressed her concern surrounding disparate expectations that seemed to be based on her age and sex, in comparison to the younger and male Ahluwalia.

39.     In or around late September 2024, Ms. Thorson began experiencing symptoms that were identified as a flare up of her MDD.

40.     On or around October 1, 2024, Ms. Thorson went to her doctor for an urgent appointment related to the flare up of her MDD, experiencing significant anxiety, and trouble sleeping.

41.     During the appointment Ms. Thorson's doctor treated her for the flare up of her MDD and also Generalized Anxiety Disorder ("GAD"), Acute Stress Disorder, and Sleep Disorder by discussing her symptoms, referring her to behavioral health practitioners, prescribing medication, and recommending Ms. Thorson take a brief disability-related medical leave from work for the remainder of that week.

42.     Ms. Thorson's MDD, GAD, Acute Stress Disorder, and Sleep Disorder (each together and each separately) are impairments that substantially limit one or more of her major life activities, including, but not limited to sleeping, caring for herself, controlling her emotions, and engaging in social activity. Ms. Thorson's MDD, GAD, Acute Stress Disorder, and Sleep Disorder (each together and each separately) are also impairments that substantially limit one or more of her major bodily functions, including her neurological, nervous system, and brain functions. As such Ms. Thorson is further disabled under the ADA and RSA 354-A.

43.     Ms. Thorson remained able to do all the essential functions of her position with or without one or more reasonable accommodations.

44.     During this appointment, Ms. Thorson's doctor wrote a note recommending disability-related leave, with a return-to-work date of Monday October 7, 2024.

45. Later that day, Ms. Thorson emailed Joseph to request the reasonable disability-related accommodation of taking the rest of the week off of work until on or around October 7, 2024, and attached a copy of the note from her doctor.

46. At all relevant times, the Company employed more than 50 employees during 20 or more calendar workweeks during the relevant calendar years.

47. Accordingly, at all relevant times, the Company was an employer under the FMLA.

48. As such, Ms. Thorson was an eligible employee entitled to leave protected under the FMLA.

49. Indeed, Ms. Thorson's request for time off was both a disability-related accommodation request and also a request for leave under the FMLA.

50. Joseph seemingly granted Ms. Thorson's request for leave.

51. On or around October 7, 2024, Ms. Thorson sought to return to work as scheduled.

52. Upon her return, Ms. Thorson was not restored to her position and instead was informed by Plona and Joseph that she was being terminated effective immediately, allegedly based on unmet performance expectations.

53. Notably, one of Joseph's complaints was that Ms. Thorson had not worked during her leave, including in terms of allegedly not updating Plona on project statuses, despite the fact that Ms. Thorson had updated all her reports on the necessary statuses and had been out on a protected leave.

54. Indeed, Plona had access to all the needed information and this was clearly a pretextual excuse.

55.    As such, Ms. Thorson was involuntarily terminated from her position at the Company on or around October 7, 2024.

56.    Notably, Ms. Thorson was terminated on or around the same day she returned from a leave protected under the FMLA (and before being restored to her position in any meaningful manner) that was additionally a reasonable disability-related accommodation.

57.    The Company failed to reinstate Ms. Thorson to her position (or a similar position) as required by the FMLA.

58.    Additionally, Ms. Thorson was terminated around one and a half months after raising protected concerns related to discriminatory disparate treatment.

59.    Importantly, the Company did not follow its typical progressive discipline policy, and Ms. Thorson was not afforded the benefit of progressive discipline or a performance improvement plan ("PIP").

60.    In contrast, numerous other non-disabled and/or younger employees with poor performance were provided with progressive discipline and/or PIPs, and hence were provided with more opportunities to correct any perceived performance problems.

61.    Furthermore, other similarly situated non-disabled and younger employees with similar or worse performance reviews were not abruptly terminated as Ms. Thorson was.

62.    In January 2025, Ms. Thorson timely filed a charge of discrimination with the New Hampshire Commission for Human Rights ("NHCHR") which was cross filed with the United States Equal Employment Opportunity Commission.

63.    Ms. Thorson notified the NHCHR of her intent to pursue this matter in Federal Court and on July 16, 2025 the NHCHR issued her a closure to allow her to do so.

64.    On July 18, 2025, the EEOC issued Ms. Thorson a Notice of Right to Sue.

65.     This lawsuit is timely filed.

## COUNT I

**(Retaliation for Exercising, and Interference with, Rights under the Family and Medical Leave Act – 29 U.S.C. §2615)**

**Plaintiff v. Defendant**

66.     The Plaintiff incorporates all paragraphs above and below as if set forth fully herein.

67.     During all relevant times, Defendant was engaged in an industry affecting commerce and employed 50 or more employees for 20 or more calendar work weeks in each current and/or preceding calendar year.

68.     As such, at all relevant times, the Defendant was an employer under the FMLA.

69.     At all relevant times, the Defendant employed 50 or more employees within 75 miles of Plaintiff's worksite.

70.     At all relevant times (from February 2024 onward), Ms. Thorson had worked for the Defendant for 12 or more months and had worked in excess of 1,250 hours within the past 12-month period.

71.     As such, from February 2024 onward, Ms. Thorson was an eligible employee under the FMLA.

72.     Ms. Thorson suffered from one or more serious health conditions, including, but not limited to, her major depressive disorder, generalized anxiety disorder, acute stress disorder, and sleep disorder.

73.     Ms. Thorson was entitled to FMLA leave.

74.     Ms. Thorson sought to exercise her rights under the FMLA, including by requesting and utilizing one or more protected leaves under the FMLA.

75. Specifically, Ms. Thorson requested continuous leave from October 1, 2024 through October 7, 2024.

76. Ms. Thorson notified the Defendants that she would need leave protected under the FMLA as soon as she was practically able to provide such notice, and likewise as soon as the need for leave was foreseeable.

77. The Defendant interfered with, restrained, and/or constructively denied the exercise of, or the attempted exercise of, Ms. Thorson's rights under the FMLA, including by expecting (and retroactively requiring) her to perform work during her leave, taking adverse actions against her because she did not sufficiently work during her protected leave, terminating her upon her return from leave, and not restoring her to her position upon her attempt to return from leave.

78. The Defendant also retaliated and/or discriminated against Ms. Thorson for requesting and/or utilizing FMLA leave by subjecting Ms. Thorson to adverse actions, including, but not limited to, terminating Ms. Thorson's employment.

79. The Defendant's actions, including its interference with Ms. Thorson's FMLA rights, and retaliation against Ms. Thorson for exercising rights protected under the FMLA, were willful and undertaken in bad faith.

80. As a direct and proximate result of the Defendant's violations of the FMLA, Ms. Thorson has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, other monetary harms, loss of earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

81. Ms. Thorson seeks all damages to which she is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay), other

monetary damages, compensatory damages (including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses), injury to reputation, diminished earning capacity, liquidated (i.e. double) damages, interest, attorneys' fees, and costs.

## COUNT II

**(Disability Discrimination and Failure to Accommodate in Violation of the Americans with Disabilities Act, 42 U.S.C. §§12101, et seq.)**

**Plaintiff v. Defendant**

82.    The Plaintiff incorporates all paragraphs above and below as if set forth fully herein.

83.    The Plaintiff suffers from one or more impairments, including major depressive disorder ("MDD"), generalized anxiety disorder ("GAD"), sleep disorder, and acute stress disorder that substantially limit one or more of her major life activities, including but not limited to, sleeping, caring for herself, controlling her emotions, and engaging in social activity. Additionally, these conditions (both individually and collectively) substantially limit one or more of his major bodily functions, including, but not limited to, her neurological, nervous system, brain functions, and emotional functions.  As such, Ms. Thorson is disabled under the Americans with Disability Act ("ADA").

84.    At all relevant times, the Company was an employer as defined by federal anti-discrimination laws, including the ADA, employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

85.    At all relevant times, Ms. Thorson was a qualified individual and was capable of performing the essential functions of her job with or without one or more reasonable accommodations.

86.    Ms. Thorson disclosed her disabilities to Defendant, Defendant was aware of Ms. Thorson's disabilities, and/or Defendant regarded Ms. Thorson as disabled.

87.    Ms. Thorson requested disability-related reasonable accommodations that would have assisted her in performing the essential functions of her job. These requested reasonable accommodations included, but were not limited to, time off due to a flare-up of her disability symptoms.

88.    Ms. Thorson's requested disability-related accommodations did not pose an undue burden on Defendant.

89.    The Company improperly denied, or retroactively revoked, one or more of the disability-related accommodations requested by Ms. Thorson, including by requiring her to work during her requested leave and terminating her specifically because she utilized a seemingly granted accommodation of leave and did not work during the leave.  The Company improperly failed to enter into an interactive process with Ms. Thorson related to one or more requested accommodations, or alternative potential accommodations.

90.    The Company, by and through their agents, discriminated against Ms. Thorson due to her disabilities by subjecting Ms. Thorson to adverse actions, including, but not limited to, by subjecting Ms. Thorson to a harassing and otherwise hostile work environment, subjecting Ms. Thorson to differential treatment (including a greater workload), seeking to demote Ms. Thorson, and/or terminating Ms. Thorson's employment.

91.    Ms. Thorson was replaced by a less qualified or similarly qualified non-disabled (or less or differently disabled) individual.

92.    The Company acted with malice and/or with reckless indifference to the federally protected rights of Ms. Thorson.

93.    As a direct and proximate result of the Company's violation of the ADA, Ms. Thorson has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

94.    The Plaintiff seeks all damages to which she is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, compensatory damages (including, but not limited to, future pecuniary losses and other nonpecuniary losses), punitive damages, attorneys' fees, interest, and costs.

**COUNT III**

**(Disability Discrimination and Failure to Accommodate under RSA 354-A)**

**Plaintiff v. Defendant**

95.    Plaintiff repeats and re-alleges all paragraphs above and below, as fully set forth in this Complaint.

96.    The Plaintiff suffers from one or more impairments, including major depressive disorder ("MDD"), generalized anxiety disorder ("GAD"), sleep disorder, and acute stress disorder that substantially limit one or more of her major life activities, including but not limited to, sleeping, caring for herself, controlling her emotions, and engaging in social activity. Additionally, these conditions (both individually and collectively) substantially limit one or more of his major bodily functions, including, but not limited to, her neurological, nervous system, brain functions, and emotional functions.  As such, Ms. Thorson is disabled under RSA 354-A.

97. At all relevant times, Ms. Thorson was a qualified individual with a disability and was capable of performing the essential functions of his job with or without one or more reasonable accommodations.

98. Ms. Thorson requested disability-related reasonable accommodations that would have assisted her in performing the essential functions of her job. These requested reasonable accommodations included, but were not limited to, time off due to a flare-up of her disability symptoms.

99. Ms. Thorson's requested disability-related accommodations did not pose an undue burden on Defendant.

100. The Company improperly denied, or retroactively revoked, one or more of the disability-related accommodations requested by Ms. Thorson, including by requiring her to work during her requested leave and terminating her specifically because she utilized a seemingly granted accommodation of leave and did not work during the leave. The Company improperly failed to enter into an interactive process with Ms. Thorson related to one or more requested accommodations, or alternative potential accommodations.

101. The Company, by and through their agents, discriminated against Ms. Thorson due to her disabilities by subjecting Ms. Thorson to adverse actions, including, but not limited to, by subjecting Ms. Thorson to a harassing and otherwise hostile work environment, subjecting Ms. Thorson to differential treatment (including a greater workload), seeking to demote Ms. Thorson, and/or terminating Ms. Thorson's employment.

102. Ms. Thorson was replaced by a less qualified or similarly qualified non-disabled (or less or differently disabled) individual.

103. Defendant's actions were outrageous, egregious, and/or undertaken with reckless indifference to Ms. Thorson's rights.

104. As a direct and proximate result of Defendant's violation of the RSA 354-A, Ms. Thorson has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

105. The Plaintiff seeks all damages to which she is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, compensatory damages (including, but not limited to, future pecuniary losses and other nonpecuniary losses), punitive damages, attorneys' fees, interest, and costs

106. Ms. Thorson seeks all damages to which she is entitled, including, but not limited to lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, emotional distress damages, compensatory damages (including, but not limited to, emotional distress damages), enhanced compensatory damages, interest, attorney's fees, and costs.

### Count IV

### (Sex Discrimination in Violation of Title VII, 42 U.S.C. §§2000e, et. seq.)

### Plaintiff v. Defendant

107. The Plaintiff incorporates all paragraphs above and below as if set forth fully herein.

108.    During all relevant times, the Company was an employer under Title VII, 42 U.S.C. §§2000e, et. seq. (hereinafter "Title VII") because it employed more than 15 persons for 20 or more calendar weeks within the previous 12-month period.

109.    Defendant, by and through its agents, discriminated against Ms. Thorson with respect to the terms, conditions, and/or privileges of her employment, because of Ms. Thorson's sex (female) and/or because she was an older female employee and/or a disabled female employee ("sex plus" discrimination).

110.    More specifically, the Defendant subjected Ms. Thorson to adverse actions, including, but not limited to, by subjecting Ms. Thorson to a harassing and otherwise hostile work environment, subjecting Ms. Thorson to differential treatment (including a greater workload), seeking to demote Ms. Thorson, and/or terminating Ms. Thorson's employment because she was a woman.

111.    Upon information and belief, the Defendant replaced Ms. Thorson with a lesser or similarly qualified, male employee.

112.    As a direct and proximate result of the Company's violation of Title VII, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, loss of earning capacity, other monetary harms, pain and suffering, loss of enjoyment of life, and emotional damages.

113.    The Company acted with malice and/or with reckless indifference to the federally protected rights of the Plaintiff.

114.    The Plaintiff seeks all damages to which she is entitled, including, but not limited to lost compensation and benefits (including, but not limited to, back pay and front pay), other monetary damages, diminished earning capacity, compensatory damages (including, but not

limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses), punitive damages, interest, attorney's fees, and costs.

**COUNT V**

**(Sex Discrimination in Violation of RSA 354-A)**

**Plaintiff v. Defendant**

115.    Plaintiff repeats and re-alleges all paragraphs above and below, as fully set forth in this Complaint.

116.    Defendant, by and through its agents, discriminated against Ms. Thorson with respect to the terms, conditions, and/or privileges of her employment, because of Ms. Thorson's sex (female) and/or because she was an older female employee and/or a disabled female employee ("sex plus" discrimination).

117.    More specifically, the Defendant subjected Ms. Thorson to adverse actions including, but not limited to, by subjecting Ms. Thorson to a harassing and otherwise hostile work environment, subjecting Ms. Thorson to differential treatment (including a greater workload), seeking to demote Ms. Thorson, and/or terminating Ms. Thorson's employment because she was a woman.

118.    Upon information and belief, the Defendant replaced Ms. Thorson with a lesser or similarly qualified, male employee.

119.    Defendant's actions were outrageous, egregious, and/or undertaken with reckless indifference to Ms. Thorson's rights.

120.    As a direct and proximate result of Defendant's violation of the RSA 354-A, Ms. Thorson has suffered and continues to suffer damages, including, but not limited to, lost

compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

121.    Ms. Thorson seeks all damages to which she is entitled, including, but not limited to lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, emotional distress damages, compensatory damages (including, but not limited to, emotional distress damages), enhanced compensatory damages, interest, attorney's fees, and costs.

**COUNT VI**
**(Age Discrimination in Violation of the Age Discrimination in Employment Act)**
**Plaintiff v. Defendant**

122.    The Plaintiff incorporates all paragraphs above and below as if set forth fully herein.

123.    During all relevant times, the Company was an employer under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. (hereinafter, "ADEA") because the Company employed 20 or more individuals for 20 or more calendar weeks during the relevant calendar years.

124.    The Plaintiff is (and at all relevant times was) over 40.

125.    The Company, by and through its agents, harassed and discriminated against Ms. Thorson with respect to her compensation, terms, conditions, and/or privileges of employment, because of Ms. Thorson's age and/or because Ms. Thorson was an older disabled individual ("age plus" discrimination).

126.    More specifically, the Company subjected Ms. Thorson to adverse actions because of her age, including, but not limited to, by subjecting Ms. Thorson to a harassing and otherwise hostile work environment, subjecting Ms. Thorson to differential treatment (including

a greater workload), seeking to demote Ms. Thorson, and/or terminating Ms. Thorson's employment.

127.    Upon information and belief, Ms. Thorson was replaced by a much younger individual who was similarly or less qualified than Ms. Thorson.

128.    The Company acted with willful and/or knowingly indifference to the federally protected rights of Ms. Thorson.

129.    As a direct and proximate result of the Company's violations of the ADEA, Ms. Thorson has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, interest on lost compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

130.    Ms. Thorson seeks all damages to which she is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay), other monetary damages, compensatory damages (including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses), liquidated (i.e. double) damages, interest, attorneys' fees, and costs.

## COUNT VII

### (Age Discrimination in Violation of RSA 354-A)

### Plaintiff v. Defendant

131.    Plaintiff repeats and re-alleges all paragraphs above and below, as fully set forth in this Complaint.

132.    The Plaintiff is (and at all relevant times was) over 40.

133.    The Company, by and through its agents, harassed and discriminated against Ms. Thorson with respect to her compensation, terms, conditions, and/or privileges of employment,

because of Ms. Thorson's age and/or because Ms. Thorson was an older disabled individual ("age plus" discrimination).

134.    More specifically, the Company subjected Ms. Thorson to adverse actions because of her age, including, but not limited to, by subjecting Ms. Thorson to a harassing and otherwise hostile work environment, subjecting Ms. Thorson to differential treatment (including a greater workload), seeking to demote Ms. Thorson, and/or terminating Ms. Thorson's employment.

135.    Upon information and belief, Ms. Thorson was replaced by a much younger individual who was similarly or less qualified than Ms. Thorson.

136.    Defendant's actions were outrageous, egregious, and/or undertaken with reckless indifference to Ms. Thorson's rights.

137.    As a direct and proximate result of Defendant's violation of the RSA 354-A, Ms. Thorson has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

138.    Ms. Thorson seeks all damages to which she is entitled, including, but not limited to lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, emotional distress damages, compensatory damages (including, but not limited to, emotional distress damages), enhanced compensatory damages, interest, attorney's fees, and costs.

**COUNT VIII**

**(Retaliation in Violation of the Americans with Disabilities Act, 42 U.S.C. §§12101, et seq.)**

**Plaintiff v. Defendant**

139.    The Plaintiff incorporates all paragraphs above and below as if set forth fully herein.

140.    Ms. Thorson engaged in protected activity under the ADA, including, but not limited to, by requesting and/or utilizing disability-related accommodations.

141.    The Company discriminated against and/or retaliated against Ms. Thorson for engaging in activities protected under the ADA, by subjecting Ms. Thorson to adverse actions, including, but not limited to, by subjecting Ms. Thorson to a harassing and otherwise hostile work environment, subjecting Ms. Thorson to differential treatment (including a greater workload), seeking to demote Ms. Thorson, and/or terminating Ms. Thorson's employment.

142.    The Company unlawfully coerced, intimidated, threatened, and/or interfered with Ms. Thorson's exercising of, or enjoyment of, one or more rights granted by the ADA.

143.    The Company acted with malice and/or with reckless indifference to the federally protected rights of Ms. Thorson.

144.    As a direct and proximate result of the Company violation of the ADA, Ms. Thorson has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, reduced earning capacity, other monetary harms, pain and suffering, loss of enjoyment of life, and emotional damages.

145.    The Plaintiff seeks all damages to which she is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, compensatory

damages (including, but not limited to, future pecuniary losses and other nonpecuniary losses), punitive damages, attorneys' fees, interest, and costs.

## COUNT IX

### (Retaliation in Violation of Title VII, 42 U.S.C. §§ 2000e, *et seq.*)

### Plaintiff v. Defendant

146.    The Plaintiff incorporates all paragraphs above and below as if set forth fully herein.

147.    Ms. Thorson engaged in protected activity under Title VII, including, but not limited to, opposing, expressing protected concerns, and/or engaging in other protected activity regarding harassment and a hostile work environment based on sex; and opposing, expressing protected concerns, and/or engaging in other protected activity related to the harassing and discriminatory actions taken by the Company due to Ms. Thorson's sex.

148.    The Company unlawfully coerced, intimidated, threatened, and/or interfered with Ms. Thorson's exercising of or enjoyment of one or more rights granted by Title VII.

149.    More specifically, the Company subjected Ms. Thorson to adverse actions, including, but not limited to, by subjecting Ms. Thorson to a harassing and otherwise hostile work environment, subjecting Ms. Thorson to differential treatment (including a greater workload), seeking to demote Ms. Thorson, and/or terminating Ms. Thorson's employment in retaliation for raising protected concerns she was being discriminated against due to her sex.

150.    The Company acted with malice and/or with reckless indifference to the federally protected rights of Ms. Thorson.

151.    As a direct and proximate result of the Company's violations of Title VII, the Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost

compensation and benefits, loss of earning capacity, other monetary harms, pain and suffering, loss of enjoyment of life, and emotional damages.

152.    The Plaintiff seeks all damages to which she is entitled, including, but not limited to lost compensation and benefits (including, but not limited to, back pay and front pay), other monetary damages, diminished earning capacity, compensatory damages (including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses), punitive damages, interest, attorney's fees, and costs.

## COUNT X

### (Retaliation in Violation of the Age Discrimination in Employment Act)

### Plaintiff v. Defendant

153.    The Plaintiff incorporates all paragraphs above and below as if set forth fully herein.

154.    Ms. Thorson engaged in protected activity under the ADEA, including, but not limited to: (i) opposing, expressing protected concerns, and/or engaging in other protected activity regarding a hostile work environment based on age and/or (ii) opposing, expressing protected concerns, and/or engaging in other protected activity related to the harassing and discriminatory actions taken by the Defendant due to Ms. Thorson's age.

155.    The Company retaliated against Ms. Thorson for opposing, voicing protected concerns, and/or engaging in other protected activity related to one or more practices made unlawful by the ADEA by subjecting Ms. Thorson to adverse actions, including, but not limited to, by subjecting Ms. Thorson to a harassing and otherwise hostile work environment, subjecting

Ms. Thorson to differential treatment (including a greater workload), seeking to demote Ms. Thorson, and/or terminating Ms. Thorson's employment.

156. The Company unlawfully coerced, intimidated, threatened, and/or interfered with Ms. Thorson's exercising of, or enjoyment of, one or more rights granted by the ADEA.

157. The Company willfully retaliated against Ms. Thorson.

158. As a direct and proximate result of the Company's violations of the ADEA, Ms. Thorson has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, interest on lost compensation and benefits, loss of earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

159. The Plaintiff seeks all damages to which she is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay), compensatory damages, diminished earning capacity, injury to reputation, other monetary damages, liquidated damages, attorneys' fees, interest, and costs.

## COUNT XI

### (Retaliation for Engaging in Protected Activity in Violation of RSA 354-A)

### Plaintiff v. Defendant

160. Plaintiff repeats and re-alleges all paragraphs above and below, as fully set forth in this Complaint.

161. Ms. Thorson engaged in protected activity under RSA 354-A, including, but not limited to, (i) by requesting and/or utilizing disability-related accommodations and/or (ii) by raising protected concerns related to sex, disability, and age-related harassment, differential treatment, and discrimination.

162. Defendant discriminated against and/or retaliated against Ms. Thorson for engaging in activities protected under RSA 354-A, by subjecting Ms. Thorson to adverse actions, including, but not limited to, by subjecting Ms. Thorson to a harassing and otherwise hostile work environment, subjecting Ms. Thorson to differential treatment (including a greater workload), seeking to demote Ms. Thorson, and/or terminating Ms. Thorson's employment.

163. Defendant unlawfully coerced, intimidated, threatened, and/or interfered with Ms. Thorson's exercising of, or enjoyment of, one or more rights granted by RSA 354-A.

164. Defendant's actions were outrageous, egregious, and/or undertaken with reckless indifference to Ms. Thorson's rights.

165. As a direct and proximate result of Defendant's violation of the RSA 354-A, Ms. Thorson has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

166. Ms. Thorson seeks all damages to which she is entitled, including, but not limited to lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, emotional distress damages, compensatory damages (including, but not limited to, emotional distress damages), enhanced compensatory damages, interest, attorney's fees, and costs.

WHEREFORE, the plaintiff, Karen Thorson, respectfully prays that this honorable court:

A. Schedule this matter for trial by jury;

B. Find the Defendant liable on all counts;

C.  Award the Plaintiff her lost compensation and benefits (including, but not limited to, back pay and front pay);

D.  Award the Plaintiff other monetary damages, including damages for her diminished earning capacity and injury to reputation;

E.  Award the Plaintiff damages for her emotional pain, mental anguish, loss of enjoyment of life, suffering, and other emotional distress damages;

F.  Award the Plaintiff compensatory damages, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

G.  Award the Plaintiff enhanced compensatory damages;

H.  Award the Plaintiff punitive damages;

I.  Awad the Plaintiff liquidated (i.e. double) damages;

J.  Reinstate Plaintiff to her position with restoration of all rights, benefits, seniority, and compensation;

K.  Award the Plaintiff her reasonable attorney's fees;

L.  Award the Plaintiff interest and costs;

M.  Award the Plaintiff all other damages to which she is entitled; and

N.  Grant such further relief as is just and equitable.

Respectfully Submitted,
KAREN THORSON

By her attorneys,

THE LAW OFFICES OF WYATT &
ASSOCIATES P.L.L.C.

Date:   July 28, 2025                    By:   _/s/Timothy J. Brock_____

Benjamin J. Wyatt, NH BAR # 20530
BWyatt@Wyattlegalservices.com

Timothy J. Brock NH BAR #268403
TBrock@Wyattlegalservices.com

The Law Offices of Wyatt & Associates,
P.L.L.C.
17 Elm Street, Suite C211
Keene, NH 03431
Telephone: (603) 357-1111
Facsimile: (603) 685-2868